**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HOCO DRILLING LLC, a Delaware limited liability company, and HOCO DRILLING EQUIPMENT LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> NORWOOD RESOURCES, LTD., a British Columbia corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No. CIV-08-702-M ) ) ) ) ) ) |

**ORDER**

Before the Court is defendant's Motion to Dismiss or in the Alternative to Stay Based on Pending Parallel Proceeding, filed December 5, 2008. On January 5, 2009, plaintiffs filed their response, and on January 23, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

This case arises out of an agreement ("Agreement") entered into between defendant, a Canadian corporation, and plaintiffs, two American limited liability companies, for the purchase and sale of certain oil and gas exploration equipment and assets located within the state of Oklahoma. Pursuant to the Agreement, plaintiffs agreed to sell certain oil and gas exploration equipment to defendant, and the equipment was then to be transported and used by defendant in its drilling operations in Nicaragua. On July 11, 2008, plaintiffs filed the instant action, alleging that defendant had failed to make full payment for a "mud pump," one of the items under the Agreement and seeking damages in the amount of $168,870 for the alleged breach of contract.

Prior to plaintiffs' filing of this action, on June 24, 2008, defendant filed an action in the Supreme Court of British Columbia ("British Columbia Lawsuit") for breach of contract based upon plaintiffs' alleged failure to deliver several items listed as assets under the Agreement. The value of the undelivered assets is alleged to be approximately $670,577, and as part of defendant's allegations in the British Columbia Lawsuit is that it is entitled to a set-off of all amounts otherwise owing to plaintiffs pursuant to the Agreement.

Because defendant contends that the legal claims and defenses in the instant action are currently the subject of a pre-existing, parallel proceeding, defendant moves this Court to dismiss this action or, in the alternative, to stay this action pending the resolution of the British Columbia Lawsuit.

II.     Discussion

"Courts have the inherent power to stay or dismiss an action based on the pendency of a related proceeding in a foreign jurisdiction." *Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc.*, 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997). However, a court's discretion is not boundless and is limited by its obligation to exercise jurisdiction. *Id.* While "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them", "in some private international disputes the prudent and just action for a federal court is to abstain from the exercise of jurisdiction." *Turner Entm't Co. v. Degeto Film*, 25 F.3d 1512, 1518 (11th Cir. 1994).

The United States Supreme Court has not yet articulated the standard for determining whether to stay or dismiss an action in deference to a foreign proceeding. However, courts addressing this issue have weighed a number of factors in their determination, including: (1) the similarity of the parties and issues involved, (2) the temporal sequence of filing for each action, (3)

considerations of fairness and possibility of prejudice to any of the parties, (4) the more convenient forum, (5) the adequacy of relief in the alternative forum, (6) the desirability of avoiding piecemeal litigation, (7) whether the alternative forum is likely to render a prompt disposition, (8) the citizenship of the parties involved in the dispute, (9) the terms of any choice of law or forum clauses, (10) the residence of any witnesses or experts who might testify, and (11) where the obligations created by the contract must be performed.  *See Turner*, 25 F.3d at 1521-22; *Dragon Capital*, 949 F. Supp. at 1127.

Having carefully reviewed the parties' submissions, and weighing the above factors, the Court finds that it should not dismiss nor stay this action.  Specifically, the Court finds that a number of the above factors do not weigh in favor of either plaintiffs or defendant; it would be more fair, less prejudicial, and more convenient to plaintiffs to try this matter in Oklahoma, and it would be more fair, less prejudicial, and more convenient to defendant to try this matter in Canada. Additionally, plaintiffs are two American limited liability companies, and defendant is a British Columbia corporation.  Further, it appears that there would likely be witnesses in this case who reside in Oklahoma and witnesses who reside in Canada.  The Court also finds that the similarity of the parties and issues involved in the two cases, the temporal sequence of filing each action[1], and the desirability of avoiding piecemeal litigation would favor dismissing or staying this action.  On the other hand, the Court finds the fact that the Agreement contains an Oklahoma choice of law provision and that most of the obligations created by the Agreement had to be performed in Oklahoma would favor denying defendant's motion to dismiss or to stay this action.

---

[1] The Court, however, would note that the instant action was filed a mere seventeen days after the British Columbia Lawsuit was filed.

The Court, however, finds that the possible inadequacy of relief through the British Columbia Lawsuit, as well as the fact that the British Columbia Lawsuit is, for all practical purposes, no further along than the instant action, tips the balance in favor of denying defendant's motion. Specifically, the Court would note that plaintiffs have stated they are preparing a motion to dismiss and/or stay the British Columbia Lawsuit based upon *forum non conveniens* and abstention grounds. Thus, it is possible that the relief that plaintiffs seek through the instant action may not be obtained through the British Columbia Lawsuit. Further, there is no evidence that any significant discovery or court ruling has taken place in the British Columbia Lawsuit since it was filed. Thus, because of the very real possibility that plaintiffs could not obtain adequate relief and the likelihood that the Canadian court would not render a disposition prior to this Court, the Court finds that the prudent and just action for this Court is not to abstain from the exercise of jurisdiction.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss or in the Alternative to Stay Based on Pending Parallel Proceeding [docket no. 11].

**IT IS SO ORDERED this 21st day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE