# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

HOCO DRILLING LLC, a Delaware )
limited liability company, )
HOCO DRILLING EQUIPMENT LLC, )
a Delaware limited liability company, and )
ROBSON ENERGY, LLC, an Arizona )
limited liability company, )
                                             Plaintiffs, )
                                             )
vs. ) Case No. CIV-08-702-M
                                             )
NORWOOD RESOURCES LTD., )
a British Columbia corporation, )
                                             )
                                             Defendant. )

## ORDER

Before the Court is plaintiffs' motion for Partial Summary Judgment, filed November 25, 2009. On December 28, 2009, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

This lawsuit arises out of an Agreement of Purchase and Sale of Assets ("Agreement") entered into between plaintiffs HOCO Drilling, LLC and HOCO Drilling Equipment, LLC (collectively "HOCO") and defendant on or about November 14, 2007. In the Agreement, HOCO contracted to sell defendant several pieces of oil production equipment ("Assets") for $6,003,280. According to the Agreement, the $6,003,280 was to be paid as follows: $600,000 cash as a down payment, $3,153,280 cash at closing, $250,000 payable on HOCO's delivery of a mud pump to defendant, and a $2,000,000 Convertible Note given by defendant to HOCO at closing. The mud pump that HOCO was to deliver to defendant pursuant to the Agreement required repair work totaling $72,895, and shipping charges were $8,235; HOCO deducted this amount from the balance due, taking the total from $250,000 to $168,870.

Defendant contends that HOCO failed to deliver several of the Assets, the value of which is approximately $670,577. Defendant further contends that it suffered consequential damages in the form of both delays and other operational problems that have occurred as a result of not obtaining the missing assets, as well as the necessity to obtain replacement items from other vendors at a higher price. Because of HOCO's alleged failure to deliver the missing assets, defendant did not pay the reduced amount of $168,870 upon delivery of the mud pump and discontinued interest payments on the principal of the Convertible Note.

Plaintiffs assert that there is no genuine issue of material fact that defendant owes plaintiffs a minimum of $1,498,293 according to the terms of the Agreement. Based upon this alleged undisputed amount, plaintiffs move this Court to grant partial summary judgment in their favor on the undisputed amount of $1,498,293. In its response, defendant contends that there are significant factual disputes that relate to this alleged undisputed amount, as well as plaintiffs' entitlement thereto. Specifically, defendant has alleged that plaintiffs were the first to breach the Agreement, and thus, plaintiffs cannot claim the Agreement's benefits and defendant is excused from performance. Additionally, defendant has alleged the affirmative defense of set-off and contends that it is entitled to a set-off for all of its damages which have resulted from plaintiff's alleged breach of the Agreement.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

Having carefully reviewed the parties' submissions, the Court finds that there is a genuine issue of material fact as to whether HOCO breached the Agreement and whether defendant is entitled to a set-off for any damages it may have incurred as a result of HOCO's alleged breach. Accordingly, the Court finds that it would be inappropriate to grant plaintiffs partial summary judgment as to any amount of plaintiffs' claimed damages.

The Court, therefore, DENIES plaintiffs' Motion for Partial Summary Judgment [docket no. 42].

**IT IS SO ORDERED this 22nd day of June, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE